UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALDEN CRAIG, | : | Case No. 1:09-cv-031 |
| | : | |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| MAX A. MEYERS, *et al*., | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION TO DISMISS (Doc. 8) BE DENIED**

This civil action is before the Court on Defendants' motion to dismiss the complaint on the basis that Plaintiff's claims are barred by the applicable statute of limitations (Doc. 8). Plaintiff has filed a memorandum in opposition (Doc. 9).

**I.  INTRODUCTION**

This lawsuit arises out of an underlying debt collection action filed by non-party Advanced Hearing Technologies, Inc. ("Advanced") against Alden Craig, the named Plaintiff in the instant case. Defendants in the present action, Max A. Meyers and Robert L. Meyers (collectively "Defendants"), are attorneys who represented Advanced in post-judgment proceedings against Plaintiff. Plaintiff alleges that Defendants' post-judgment collection efforts, including charging improper attorney's fees, filing the lawsuit in an

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

improper venue, and threatening contempt of court violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692, *et. seq.,* and the Ohio Consumer Sales Practices Act ("OSCPA"), Ohio Rev. Code §1345.01, *et seq*. In response, Defendants allege that Plaintiff's claims should be dismissed because they are barred by the FDCPA's one year statute of limitations.[2]

## II. PROCEDURAL HISTORY

Plaintiff *submitted* and the Court *received* the complaint on January 16, 2009. (*See* Doc. 1 at Attachment #1). Accompanying the complaint was a motion for leave to proceed *in forma pauperis* (Doc. 1), which motion was granted on January 26, 2009 (*see* Doc. 2), and upon which same date, the Clerk stamped the complaint *"filed."* (*See* Doc. 3).

## III. BACKGROUND FACTS

On August 30, 2006, Plaintiff purchased a hearing aid from Advanced for $1,639.00. (Doc. 3, Ex. A). Following failed attempts to have the hearing aid repaired, Plaintiff ceased payments to Advanced in June 2007. (*Id.*)

On October 9, 2007, Advanced filed suit against Plaintiff in Allen County Small Claims Court, Ft. Wayne, Indiana, alleging a balance due on the account of $795, and requesting an additional $600 in attorney's fees. (Doc. 3, Ex. B). The court entered judgment by default against Plaintiff on December 3, 2007 due to his failure to respond to

---

[2] The motion to dismiss only addresses the FDCPA claims. The OSCPA provides for a two year statute of limitations.

the complaint. (Doc. 3, Ex. C). Thereafter, Advanced retained the Defendants to collect on the judgment, and on December 6, 2007, Defendants sent a collection letter to Plaintiff demanding payment of $1,554.97, representing the amount awarded by the default judgment.[3] (Doc. 3, Ex. D).

The debt remained uncollected, and on January 22, 2008, Defendants filed a motion requiring Plaintiff to appear in Allen County Superior Court in Fort Wayne, Indiana on March 3, 2008. (Doc. 3, Ex. E). The pleading contained a warning that failure to appear could result in contempt of court. (*Id.*) When Plaintiff failed to appear, Defendants requested that the court issue a citation for contempt, which the court issued on March 7, 2008. (Doc. 3, Ex. F). Subsequently, Plaintiff retained private counsel to contest the validity of the judgment due to lack of personal jurisdiction. (Doc. 3, Ex. B). On May 6, 2008, upon Defendants' motion, the Allen County Superior Court set aside the judgment for lack of personal jurisdiction. (Doc. 3, Ex. G).

### IV. STANDARD OF REVIEW

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). To that end, for purposes of a motion to dismiss under Rule 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.

---

[3] This amount included $795 in principal, $0.97 in interest, $73 in court costs, and $600 in attorney's fees. (Doc. 3, Ex. B).

*Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-557 (2007) (internal citations omitted).

The test for dismissal under Rule 12(b)(6) is a stringent one, and "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1189 (6th Cir. 1996).

## V. ANALYSIS

Defendants' motion to dismiss is premised on Plaintiff's alleged failure to file within the FDCPA's one year statute of limitations. Specifically, Defendants argue that: (1) the date the suit is filed, rather than the date it is received, is the relevant date for statute of limitations purposes; and (2) each alleged violation is not discrete and therefore does not refresh the statute of limitations. (Doc. 8). However, the Sixth Circuit has specifically held in absolute contravention of Defendants' position.

### A. A Request to Proceed in Forma Pauperis Tolls the Statute of Limitations.

Pursuant to 15 U.S.C. § 1692(k)(d), a FDCPA claim must be brought within one year from "the date on which the violation occurs." Defendants argue that the alleged violations occurring before January 26, 2009 are time barred by the one year statute of limitations because January 26, 2009 was the date the complaint was officially filed. (Doc. 3). However, the Sixth Circuit has held that when a plaintiff requests to proceed *in forma pauperis* ("IFP"), the date a complaint is received is considered the filing date. *Scott v. Evans,* 116 Fed. Appx. 699, 701 (6th Cir. 2004). As this Court has explained:

> [W]hen a petitioner files for permission to file [IFP], a complaint is considered filed on the day the clerk's office receives both the complaint and the application to proceed [IFP], even if the complaint is not formally stamped "filed" until a later date when the [IFP] application is granted. Therefore, as another judge in this District has correctly reasoned, once a plaintiff moves to proceed [IFP], the statute of limitations is tolled.

*Todd v. City of Zanesville Police Dept.*, Case No. 2:05-cv-1076, 2006 WL 1027756, at *4 (S.D. Ohio, 2006) (internal citations omitted) (*citing Scott*, 116 Fed. Appx at 701).[4]

In the present case, the complaint was received on January 16, 2009, along with a request to proceed IFP. (Doc. 1). Although the motion for IFP was not granted until January 26, 2009 and the complaint stamped "filed" as of that later date, pursuant to

---

[4] *See also Dean v. Veterans Admin. Reg'l Office*, 943 F.2d 667, 671 (6th Cir. 1991), *rev'd on other grounds*, 503 U.S. 902 (1992); *Simmons v. Ohio Civil Service Emp. Assoc.*, 259 F.Supp.2d 677, 681-82 (S.D. Ohio 2003) (citing *Truitt v. County of Wayne*, 148 F.3d at 647-48 (6th Cir. 1998)).

express Sixth Circuit case law, the statute of limitations in 15 U.S.C. § 1692(k)(d) is tolled during the pendency of the IFP motion. That is, Plaintiff's complaint is deemed filed on January 16, 2009, irrespective of the fact that the motion for IFP was not granted until January 26, 2009.

Accordingly, Plaintiff's FDCPA claims that arose within one year of January 16, 2009 are not barred by the statute of limitations.

### B. Alleged Discrete Violations Refresh the Statute of Limitations

Defendants also allege that Plaintiff's claims are time barred because the first alleged violation occurred on December 6, 2007, when Defendants mailed a demand letter, and Plaintiff had only one year from that date to file a complaint, which was not filed until January 16, 2009. (Doc. 3). Defendants' rationale is premised on the argument that all post-judgment collection efforts are inextricably linked to the initial demand letter. (*Id.*) Therefore, according to Defendants, all violations would revert back to the December 6, 2007 violation. Defendants' argument is not well taken.

Recent Sixth Circuit decisions indicate that individual filings and proceedings will refresh the statute of limitations under the FDCPA. In *Purnell v. Arrow Fin. Servs.,* 303 Fed.Appx. 297, 301 (6th Cir. 2008), the Sixth Circuit ruled on this particular issue explaining that "plaintiff's FDCPA claims were not time barred to the extent that they alleged a discrete violation of the FDCPA within the limitations period."[5]

---

[5] *See also McCorriston v. L.W.T., Inc.,* 536 F. Supp. 2d 1268, 1272 (M.D. Fla. 2008) (the fact "[t]hat Defendants sent a dunning letter outside the limitations period does not render Plaintiff's FDCPA claim time barred, where, as here, Plaintiff has alleged a discrete violation within the limitations period..")

As the United States Supreme Court explained in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), although "discrete . . . acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges ...," a defendant's prior acts do "not bar . . . filing charges about related discrete acts so long as the acts are independent[] . . . and charges addressing those acts are themselves timely filed." *Id*. "The violation must [also] occur within the limitations period, not just be the later effects of an earlier time-barred violation." *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 628 (2007). "But of course, if [one] engages in a series of acts . . . then a fresh violation takes place when each act is committed." *Id*.

Therefore, the issue of whether the statute of limitations will be refreshed for a FDCPA claim hinges entirely on what the court considers a "discrete violation" of the FDCPA. Defendants argue that if the same information from a previous violation is included in a subsequent debt collection activity, it is not a separate violation. (Doc. 9). This reasoning is flawed because the Sixth Circuit has not construed the limitations period so narrowly. For example, the court of appeals in *Purnell* found only some violations to be time barred when a defendant sent a series of threatening letters, all of which violated the FDCPA. 303 Fed. Appx. 297 at 302. As the court explained:

> Defendant misapprehends the issue in characterizing plaintiff's argument to be that the original reports of the disputed debt tainted all subsequent conduct. Plaintiff's contention is that the violation occurs with each representation, communication, or collection activity such that each would constitute a discrete violation of the FDCPA. It is not the taint of the original decision to report the debt, but the

> repeated reporting of the debt within the limitations period
> that is the basis for plaintiff's claims.

*Id*. at 303. This reasoning is further buttressed by the facts in *Purnell*. The defendant in that case repeatedly reported an unverified debt to the credit bureau. *Id*. at 299. If Defendants' analysis were correct, all of these reports would have been barred one year from the date it was first wrongly reported. However, the court found that each monthly reporting was a discrete violation that refreshed the statute of limitations for that individual action. *Id.* at 301, 302.

Similarly, in the instant case, Plaintiff's alleged violations occurring within the one year of the statute of limitations, even if inextricably linked to a former time barred violation, are actionable under the FDCPA.[6]

## IV. CONCLUSION

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that Defendants' motion to dismiss (Doc. 7) be **DENIED**.

**IT IS SO RECOMMENDED**.


Date: September 3, 2009                               s/ Timothy S. Black
                                                     Timothy S. Black
                                                     United States Magistrate Judge

---

[6] Plaintiff concedes that the December 6, 2007 violation arising from a collection letter sent by Defendants would fall outside of the FDCPA's one year statute of limitations, but maintains that the OSCPA's two year statute of limitations would apply for this particular violation.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| ALDEN CRAIG, | : | Case No. 1:09-cv-031 |
| --- | --- | --- |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| MAX A. MEYERS, *et al.*, | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **10 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **10 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).